## Best v. Wilson.

1. *Instructions Given Orally.*—While the statute requires the court to nstruct the jury in writing, it is competent for the parties to waive this requirement, and doing so, they are bound by their agreement to that effect.

Memorandum.—Action of assumpsit. Appeal from a judgment rendered by the Circuit Court of Coles County; the Hon, FRANCIS M. WRIGHT, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S BRIEF.

On the question of instructing orally, we cite Starr & Curtis' Rev. Stat., 1814, Sec. 53: "Hereafter no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing."

JAMES B. ATCHISON, attorney for appellant.

WILEY & NEAL, attorneys for appellee.

OPINION BY THE COURT.

The plaintiff brought an action against the defendant before a justice of the peace to recover damages for failing and refusing to receive a lot of hogs as required by the

terms of a contract entered into by the parties. The case was removed by appeal to the Circuit Court where, upon a jury trial, the plaintiff obtained a verdict for $96. A motion for a new trial was made and the plaintiff remitted $21 of the verdict. Whereupon the court denied the motion for a new trial and rendered judgment in favor of the plaintiff from which the defendant appealed to this court. We find on examining the record that upon the question of fact as to whether the defendant violated the contract the evidence, though conflicting, is sufficient to support the verdict.

The court properly advised the jury by its instructions as to the law of the case. It is objected, however, that the instructions were given orally and error is assigned thereon, but on turning to the record we find that this was done by agreement of counsel. Having so agreed the objection can not be considered.

While the statute requires the court to instruct in writing it is competent for parties to waive the requirement and they must be bound by their agreement to that effect. We find no error and the judgment will be affirmed.